IN THE UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF FLORIDA
PANAMA CITY DIVISION

TRAVELERS PROPERTY CASUALTY
COMPANY OF AMERICA,

      Plaintiff,

v.                                            CASE NO. 5:14cv10-RH/CJK

AMERISURE INSURANCE COMPANY
et al.,

      Defendants.

_____/

## ORDER DIRECTING THE CLERK TO ENTER JUDGMENT, DETERMINING THAT THE PLAINTIFF IS ENTITLED TO ATTORNEY'S FEES AND COSTS, AND DEFERRING DETERMINATION OF THE AMOUNT OF FEES AND COSTS

      This is an insurance coverage dispute. The order of September 30, 2015, granted summary judgment for the plaintiff on liability, leaving at issue only the issue of damages. The defendant moved to reconsider the ruling.

      At the pretrial conference on February 11, 2016, the parties announced an agreement obviating the need for a trial on damages. The defendant retained its right to challenge the summary judgment on liability, first through the motion for

Case No. 5:14cv10-RH/CJK

reconsideration and, if that motion was denied, by appeal.  But the parties agreed on the amount of damages.  They now have tendered a proposed judgment for entry if the motion for reconsideration is denied.

This order denies the motion for reconsideration.  For the most part, the motion reargues the points unsuccessfully argued on the original summary-judgment motion.  No explanation is needed beyond that set out in the September 30 order.  This order also directs the entry of judgment in the form requested by the parties.

Finally, at the pretrial conference, the plaintiff asked for a ruling that it is entitled to an award of attorney's fees.  This court's local rules require a party to obtain such an entitlement ruling before seeking determination of the amount of a fee award.  *See* N.D. Fla. Loc. R. 54.1(A).  The defendant was given seven days to file any objection to the entitlement request.  The defendant did not file an objection, presumably recognizing that Florida law calls for a fee award in these circumstances.  This order determines the plaintiff's entitlement to a fee award but defers proceedings to determine the amount of the award.  The amount will be addressed after any appeal is resolved.  This order also defers the taxation of costs.

For these reasons,

IT IS ORDERED:

1. The defendant's motion, ECF No. 124, to reconsider the order granting summary judgment on liability, ECF No. 120, is denied.

2. The clerk must enter judgment for the plaintiff as agreed by the parties.

3. In accordance with Local Rules 54.1 and 54.2, it is determined that the plaintiff is entitled to recover attorney's fees and costs.  The procedures in Rules 54.1 and 54.2 will govern further proceedings to determine the amount of the award of fees and costs, except that the deadline for the plaintiff to file and serve the affidavits required by Rule 54.1(E) is 30 days after (a) the deadline for filing a notice of appeal from the judgment on the merits, if no appeal is filed, or (b) if an appeal is filed, the date of issuance of the mandate of the United States Court of Appeals for the Eleventh Circuit affirming the judgment or dismissing the appeal.  No motion for the determination of the amount of fees or costs may be filed prior to the resolution of any appeal (or, if no notice of appeal is filed, prior to the expiration of the deadline for filing a notice of appeal).

4. The motions in limine, ECF Nos. 134, 136, and 138, are denied as moot.

SO ORDERED on February 24, 2016.

                                              s/Robert L. Hinkle
                                              United States District Judge